UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) ) | MDL 875 |
| BONNIE WILSON, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:98-cv-00095-PPS |
| CBS CORPORATION, | ) ) | *Remanded from E.D.Pa. 08-cv-90732* |
| Defendant. | ) | |

## OPINION AND ORDER

On February 15, 2015, Plaintiff Bonnie Wilson filed a second motion to dismiss this action voluntarily and *with prejudice* pursuant to Federal Rule of Civil Procedure 41(a)(2). (Docket Entry 108.) Wilson's motion also seeks leave to reinstate the case within 90 days of dismissal should any issues arise in winding up the case and settlement. Under Rule 41(a)(2), an action may be dismissed at the plaintiff's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Garber v. Chi. Mercantile Exch.*, 570 F.3d 1361, 1364-65 (Fed. Cir. 2009) (applying Seventh Circuit law). Unfortunately the terms set out in Wilson's motion are not proper in the Seventh Circuit.

The Seventh Circuit does not allow arrangements whereby the District Court retains jurisdiction after settlement and dismissal:

> A district court's original jurisdiction to entertain a lawsuit does not carry over to one party's later claim that the other has breached their

settlement of that suit. Thus, 'when a suit is dismissed *with prejudice*, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction.' The terms of a settlement can be embodied in an order dismissing the lawsuit, which would allow that order to serve as an enforceable injunction. But that step was not taken here, so any claim relating to nonperformance of the settlement agreement must be brought as a breach-of-contract action.

*Balshe LLC v. Ross*, 441 Fed. Appx. 395, 396 (7th Cir. 2011) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006); FED. R. CIV. P. 65; *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006); additional citations omitted; quoting *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007) (emphasis added)). Where a party must bring a breach of contract action, that party must initiate a separate, new lawsuit. In order to bring that enforcement action in federal court, the party seeking enforcement must demonstrate federal subject matter jurisdiction over the contract. "The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business." *Kokkonen*, 511 U.S. at 381.

In its present form, then, I must reject Wilson's motion to voluntarily dismiss this suit, despite my appreciation of the parties' successful efforts to resolve their dispute. Counsel are advised to review the case law cited in this Order and consider alternate methods of achieving their intended ends.

**ACCORDINGLY:**

Plaintiff's Second Motion to Dismiss Action Pursuant to Fed. R. Civ. P. 41(a)(2) (DE 108) is **DENIED** in its present form. A revised motion, stipulation, or other proposal for disposition of the case shall be filed within 30 days of the date of this order.

**SO ORDERED.**

ENTERED: March 16, 2015

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT